IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHICON LLC,<br>ETHICON ENDO-SURGERY, INC., and<br>ETHICON US, LLC.<br><br>                Plaintiffs,<br><br>      v.<br><br>INTUITIVE SURGICAL, INC., INTUITIVE<br>SURGICAL OPERATIONS, INC., and<br>INTUITIVE SURGICAL HOLDINGS, LLC<br><br>                Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 18-1325 (LPS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION AND [PROPOSED] ORDER**

WHEREAS, on August 27, 2018, Ethicon LLC, Ethicon Endo-Surgery, Inc., and Ethicon US, LLC ("Ethicon") filed this action alleging infringement of U.S. Patent Nos. 9,844,369 ("the 369 Patent"), 7,490,749 ("the 749 Patent"), 8,602,288 ("the 288 Patent"), 8,602,287 ("the 287 Patent"), and 9,326,770 ("the 770 Patent") by SureForm surgical cutting and stapling devices and reloads offered by Intuitive Surgical, Inc., Intuitive Surgical Operations, Inc., and Intuitive Surgical Holdings, LLC ("the Intuitive defendants");

WHEREAS, on March 12, 2019, Ethicon filed a motion for leave to file an amended complaint (D.I. 32) to withdraw infringement allegations relating to the 770 Patent and to allege infringement of U.S. Patent Nos. 9,844,379 ("the 379 Patent") and 8,479,969 ("the 969 Patent") by Intuitive's SureForm surgical cutting and stapling devices and reloads;

WHEREAS, on May 30, 2019 Ethicon filed a complaint with the United States International Trade Commission ("ITC"), subsequently amended by letter dated June 7, 2019, requesting that the ITC institute an investigation under 19 U.S.C. § 1337 based on claims of

infringement of four of the six patents presently asserted or sought to be asserted in this action (the 369, 749, 969, and 379 Patents) by stapler reload cartridges for surgical instruments used in laparoscopic surgical procedures, including reload cartridges used with Intuitive's SureForm surgical cutting and stapling devices;

WHEREAS, on June 24, 2019, the parties "agreed that if the ITC institutes an investigation, they will stipulate and jointly move to stay this entire action pursuant to 28 U.S.C. § 1659 and this Court's discretionary power to manage its docket" (D.I. 52);

WHEREAS, on June 28, 2019, the ITC voted to institute Investigation No. 337-TA-1167 ("the 1167 Investigation") as to all infringement claims above and named the Intuitive defendants and Intuitive Surgical S. De R.L. De C.V. as respondents;

WHEREAS, 28 U.S.C. § 1659(a) provides that District Courts "shall stay … any claim that involves the same issues involved in [a] proceeding before the [ITC]" at the request of a party that is a named respondent in the ITC proceeding;

WHEREAS, the Intuitive defendants are respondents in the 1167 Investigation and request a mandatory stay under 28 U.S.C. § 1659(a) regarding issues involving the overlapping patents in the 1167 Investigation (the 369, 749, 379, and 969 Patents) until the determination of the Commission in the 1167 Investigation becomes final;

WHEREAS, it is also within the Court's inherent authority and discretion to stay the remainder of the issues in this action at this time concerning the 288 and 287 Patents, *see Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985) (stating that the decision whether to grant a stay "is committed to the district court's discretion"); *Graphic Properties Holdings, Inc. v. Toshiba Am. Info., Sys., Inc.*, C.A. 12-213-LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014) ("'Congress explicitly intended that district courts should consider using their

discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC.'") (quoting *Zenith Elecs., LLC v. Sony Corp.*, 2011 WL 2982377, at *2 (N.D. Cal. July 16, 2011)), and the parties hereby request the Court exercise such authority and discretion to stay the entire action;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL OF THE COURT, that this action is stayed in its entirety and all current deadlines are canceled. With respect to Ethicon's infringement claims concerning the 369 and 749 Patents and Ethicon's motion for leave to amend concerning the 969 and 379 Patents, this action is stayed under 28 U.S.C. § 1659(a) until the determination of the Commission in the 1167 Investigation becomes final. With respect to Ethicon's infringement claims concerning the 288 and 287 Patents, this action is stayed pending issuance of the Administrative Law Judge's initial determination regarding a violation in the 1167 Investigation. Within 10 business days of the issuance of the initial determination, counsel for Ethicon and the Intuitive defendants shall meet and confer to discuss whether the stay should be lifted as to the 288 and 287 Patents. If either party requests at that time that the stay be lifted as to the 288 and 287 Patents, the parties shall file a Joint Status Report within 20 business days of issuance of the initial determination providing their respective positions. In addition, within 20 business days of the determination of the Commission in the 1167 Investigation becoming final, the parties shall submit a Joint Status Report regarding their respective positions as to whether the stay as to the 288 and 287 Patents (if not previously lifted) and the 369, 749, 969, and 379 Patents should be lifted.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| /s/ *Brian P. Egan* | /s/ *David M. Fry* |
| Jack B. Blumenfeld (#1014) | John W. Shaw (#3362) |
| Brian P. Egan (#6227) | Karen E. Keller (#4489) |
| 1201 North Market Street | David M. Fry (#5486) |
| P.O. Box 1347 | I.M. Pei Building |
| Wilmington, DE 19899 | 1105 North Market Street, 12th Floor |
| (302) 658-9200 | Wilmington, DE 19801 |
| jblumenfeld@mnat.com | (302) 298-0700 |
| began@mnat.com | jshaw@shawkeller.com |
| | kkeller@shawkeller.com |
| *Attorneys for Plaintiffs* | dfry@shawkeller.com |
| | *Attorneys for Defendants* |

SO ORDERED this _____ day of July, 2019.

_____
Chief, United States District Judge

4