IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ETHICON LLC,<br>ETHICON ENDO-SURGERY, INC. and<br>ETHICON US, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>INTUITIVE SURGICAL, INC., INTUITIVE<br>SURGICAL OPERATIONS, INC. and<br>INTUITIVE SURGICAL HOLDINGS, LLC,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 18-1325 (GBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

Pursuant to the stipulation entered by the Court (D.I. 53) the parties submit this Joint Status Report. The IPR proceedings and the ITC investigation involving the asserted patents have concluded, but due to a design change in the accused product, Ethicon may choose not to pursue this case. Accordingly, the parties request that the stay continue until November 15, 2023, at which time the parties will submit an updated status report.

Ethicon's complaint in this case alleged infringement of five Ethicon patents: U.S. Patent Nos. 9,844,369 ("the 369 Patent"); 7,490,749 ("the 749 Patent"); 8,602,288 ("the 288 Patent"); 8,602,287 ("the 287 Patent"); and 9,326,770 ("the 770 Patent"). Ethicon subsequently filed a motion for leave to amend the complaint to withdraw infringement allegations based on the 770 Patent and to allege infringement of U.S. Patent Nos. 9,844,379 ("the 379 Patent") and 8,479,969 ("the 969 Patent"). *See* D.I. 33. On August 1, 2019, the Court entered a stipulation to stay this case after Ethicon filed a complaint with the United States International Trade Commission ("ITC") including claims of infringement based on the 369 Patent, 749 Patent, 969 Patent, and 379 Patent. *See* D.I. 54. Pursuant to the stipulation, the parties agreed that the case

would remain stayed with respect to the 369 Patent, 379 Patent, 749 Patent, and 969 Patent until the determination of the ITC in the ITC Investigation becomes final. *Id*. The Court denied Ethicon's motion for leave to amend the complaint without prejudice. *Id*. This case has remained stayed since August 1, 2019. At the time of the stay, the parties had exchanged claim terms and proposed constructions, but the case was otherwise in the early stages of fact discovery.

The asserted claims of the 379 Patent, the 749 Patent, the 287 Patent, and the 288 Patent were found unpatentable by the PTAB in final written decisions for which all appeals have been exhausted. The ITC's determination has also become final.[1] Asserted claims 22 and 23 of the 369 Patent are the only asserted claims that remain at issue in this case. Ethicon understands Intuitive has implemented a design change in the accused SureForm device that may affect whether Ethicon intends to proceed with this case. Intuitive has agreed to produce a sample[2] of the redesigned SureForm device and the parties will meet and confer to discuss the status of the accused product and Ethicon will decide whether to pursue this case by November 15, 2023 at which time the parties will submit an updated status report.

---

[1] The Federal Circuit issued a mandate on August 31, 2023 as to its decision affirming the ITC's determination and Ethicon will not file a petition for writ of certiorari.

[2] The sample shall be used solely for the purpose of determining whether Ethicon will pursue claims 22 and 23 of the 369 Patent in this action.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Brian P. Egan* | */s/ Andrew Russell* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br><br>*Attorneys for Plaintiffs* | John W. Shaw (#3362)<br>Karen E. Keller (#4489)<br>Andrew Russell (#5382)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br><br>*Attorneys for Defendants* |

October 4, 2023